*803 OPINION OF THE COURT
Dan Lamont, J.
The Schoharie County Support Collection Unit has filed a violation petition alleging that respondent mother has willfully failed since September 1992 to pay $50 per month pursuant to Family Court order towards the sum of $728.57 in child support arrears owed by her to the Schoharie County Department of Social Services for her son Kirk W., who was previously on public assistance. Respondent mother claims that her child support account should have been paid in full on September 22, 1992, when she brought to the Schoharie County Support Collection Unit a check payable to the Schoharie County Support Collection Unit in the amount of $1,147.92 issued from the County of Los Angeles, California, in a reciprocal support proceeding — representing child support arrears owed to her by Haskell W., the father of her son Kirk W.
Respondent mother in September 1992 owed to the Schoharie County Department of Social Services, Support Collection Unit, the sum of $728.57 representing arrears in child support for her son, Kirk W. (born Jan. 3, 1973), who had left her home and received public assistance in his own name from sometime in 1989 through June 1991 when he graduated from high school. Kirk W. at age 16 had left respondent’s home against her wishes and without her consent, and she was ordered to support him on a public charge basis.
Respondent mother applied for and received public assistance and Aid to Dependent Children for herself and her other son, Antonio P. (born Mar. 14, 1975), between April 1990 and August 1990 in total amount of $1,872.40.
Her application for public assistance signed May 9, 1990 and a recertification signed July 12, 1990 provide in applicable part as follows: "support — Any person making application for or those in receipt of ADC or foster care services shall know that such application for or receipt of ADC or foster care services shall operate as an assignment to the State and the Social Services district concerned, of any rights to support from any other person, as such applicant or recipient may have in his own behalf or in behalf of any other family member for whom the applicant or recipient is applying for or receiving assistance. (Social Services Law 348)” (emphasis supplied).
Social Services Law § 348 (2) provides as follows: "2. Appli *804 cation for or receipt of aid to dependent children shall operate as an assignment to the state and the social services district concerned of any rights to support from any other person as such applicant or the recipient may have in his own behalf or in behalf of any other family member for whom the applicant or recipient is applying for or receiving assistance. Applicants for or recipients of aid to dependent children shall be informed that such application for or receipt of such benefits will constitute such an assignment.” (Emphasis added.)
In September 1992, the Los Angeles County, California Child Support Unit collected $1,147.92 of past due child support from Haskell W., father of Kirk W. (born Jan. 3, 1973), for child support which had accrued prior to December 31, 1988, when the support order had been terminated with arrears due in the amount of $2,364.81 — upon Deborah P.’s informing Los Angeles County, California, that Kirk W. had left her custody in December 1988.
The records of the Schoharie County Family Court do not indicate that the Schoharie County Department of Social Services ever initiated a reciprocal support proceeding against Haskell W. for the support of Kirk W. during the two years he received public assistance in Schoharie County.
On September 22, 1992, respondent mother Deborah P. delivered the $1,147.92 check from Los Angeles County dated September 17, 1992 to the Schoharie County Support Collection Unit. The Support Collection Unit applied the entire proceeds of the check in the amount of $1,147.92 to reimbursement of public assistance granted to Deborah P. and Antonio P. pursuant to the aforesaid assignment of support, rather than applying any of the proceeds to respondent mother’s child support arrears then owed for Kirk W.
Under all the facts and circumstances, the Family Court Judge holds and determines that respondent mother’s failure to make payments on the child support arrears allegedly still due was not willful. The question remains as to what, if any, child support arrears are still due and owing by Deborah P. to the Department of Social Services pursuant to the child support order herein.
The Schoharie County Department of Social Services correctly contends that such child support arrearages in 1990 and in September 1992 constituted the rights and property of Deborah P. (not Kirk W.); however, this court holds and determines that Deborah P.’s application for public assistance *805 dated May 9, 1990 for herself and her son Antonio P. and her recertification dated July 12,1990 did not constitute an assignment of past due child support arrearages owed to her for Kirk W. because such rights to support were not in her own behalf or in behalf of any other family member for whom she was applying for assistance.
An application for public assistance is clearly a document of adhesion — which the applicant must either sign or forego public assistance. Therefore, such application should be strictly construed, and any ambiguity should be resolved in favor of the applicant. The plain and literal reading of Social Services Law § 348 (2) and the assignment in the application cannot reasonably and logically be construed as against Deborah P. to constitute an assignment of child support arrearages due her in behalf of a child for whom she was not applying for assistance — and as a matter of fact for whom she was ordered to pay $40 per week child support on a public charge basis.
The pre-December 1988 support money received through the reciprocal support proceeding from Haskell W. for Kirk W. was not a right to support which Deborah P. had in her own behalf, or in behalf of any other family member for whom the applicant was applying for assistance, but rather was a right to child support arrearages from another person as such applicant had in behalf of another family member for whom the applicant was not applying for assistance.
This court holds and determines that such assignment could not be properly utilized by the Schoharie County Department of Social Services in September 1992 (after Deborah P. and her son Antonio P. had been off public assistance for two years) to apply the past due child support for Kirk W. which had accrued before December 1, 1988 as against the public assistance granted to Deborah Lee P. and her son Antonio P. between April and August 1990.
The respondent mother clearly tendered the $1,147.92 check to the Support Collection Unit to pay off her child support arrears for Kirk W. in the amount of $728.57 and this court holds and determines that the sum of $728.57 should have been so applied to the within child support account which should have been paid in full in September 1992. The violation petition should be and the same hereby is dismissed, and the order of support terminated effective September 22, 1992.